IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTINA DOTY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 6:22-CV-03168-BP |
| CORPORAL MATTHEW WILSON and CHRISTIAN COUNTY, MISSOURI, | ) |
| Defendants. | ) |

**MOTION FOR JUDGMENT AS A MATTER OF LAW
AT THE CLOSE OF PLAINTIFF'S EVIDENCE**

Defendant Wilson moves for judgment as a matter of law, pursuant to Fed. R. Civ. P. 50(a), on all claims and issues for the following reasons.

I. **STANDARD OF REVIEW**

Under Fed. R. Civ. P. 50(a), the Court may grant a motion for judgment as a matter of law if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue," after such party has been fully heard on that issue at trial. Fed. R. Civ. P. 50(a)(1).

II. **ELEMENTS OF PLAINTIFF'S CLAIM**

Plaintiff claims she was subjected to excessive force by Defendant Wilson, a correctional officer of the Christian County jail, while she was detained awaiting adjudication of a probation violation. As the Court noted in its Order regarding Defendant's Summary Judgment Motion, this claim is analyzed under the Eighth Amendment. *See Peterson v. Heinen*, 89 F.4th 628, 634-35 (8th Cir. 2023). "Only unnecessary and wanton infliction of pain constitutes cruel and unusual punishment under the Eighth Amendment." *Id.* at 635. The core inquiry is "whether the accused officer[] applied force "in a good-faith effort to maintain or restore discipline, or maliciously and

sadistically to cause harm." *Id.* Thus, it is an essential element of Plaintiff's case to prove "the force was applied 'maliciously and sadistically for the very purpose of causing harm.'" *Howard v. Barnett*, 21 F.3d 868, 872 (8th Cir. 1994) ("We reiterate: In all cases where a prisoner alleges an Eighth Amendment violation based on excessive force, the fact-finder may not conclude that the Eighth Amendment was violated unless it finds that the force was applied "maliciously and sadistically for the very purpose of causing harm"; conversely, if the force does not meet this standard, such as where it was applied "in good faith effort to maintain or restore discipline," the fact-finder must conclude that the Eighth Amendment was not violated."). Accordingly, to prove her claim of excessive force against Defendant under the Eighth Amendment, Plaintiff must establish: (1) Defendant Wilson intentionally used force; (2) Defendant Wilson's use of force was done with malicious and sadistic intent, and not in a good faith effort to restore jail security; and (3) Plaintiff was thereby injured. *Id.*; *see also Whitley v. Albers*, 475 U.S. 312, 321 (citations omitted).

### III. PLAINTIFF'S EVIDENCE IS INSUFFICIENT TO ESTABLISH EXCESSIVE FORCE UNDER THE EIGHTH AMENDMENT

Plaintiff's claim against Defendant Wilson should be dismissed as a matter of law because she has failed to submit legal and substantial evidence of any of the elements of her claim, including without limitation:

- That Defendant Wilson intended to cause Plaintiff to be thrown into a wall or tackled to the ground;

- That Defendant Wilson intended to cause any harm to Plaintiff;

- That Defendant intended to use any force on Plaintiff beyond physical control techniques, i.e., guiding Plaintiff toward her cell;

- That Defendant intended to or actually did utilize any pain compliance techniques;

- That Defendant Wilson's actions taken to subdue Plaintiff were not done for the legitimate purpose of maintaining security of the jail;

- That Defendant Wilson's actions of physically moving Plaintiff toward the wall and taking her down to the ground were done for the purpose of causing any harm to Plaintiff;

- That Defendant Wilson's actions of physically moving Plaintiff toward the wall and/or taking Plaintiff to the ground were done with malicious or sadistic intent; or

- That Defendant Wilson's actions caused Plaintiff's injuries.

As a matter of law, viewing the facts and evidence in the light most favorable to Plaintiff, she has failed to establish each element of her claim: that Defendant Wilson intended to take her to the wall and throw or tackle her to the ground; that Defendant Wilson acted maliciously and sadistically; that Defendant Wilson's actions were not done for any legitimate purpose; and that she was injured as a result of Defendant Wilson's actions. The evidence establishes Defendant Wilson acted only to physically move Plaintiff to her cell, and coming into contact with the wall was unintentional and accidental. The evidence also establishes Defendant Wilson's actions were only done in furtherance of the good faith purpose of restoring order and discipline and maintaining security of the jail.

## IV. CONCLUSION

WHEREFORE, Defendant Wilson respectfully moves this Court to enter its Order awarding judgment as a matter of law at the close of Plaintiff's evidence in his favor for any one or more of the above-stated reasons, together with such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP


  /s/ Nichole A. Caldwell
| | |
|---|---:|
| David S. Baker | #30347 |
| Nichole A. Caldwell | #67475 |

9393 W. 110th Street, Suite 300
Building 51, Corporate Woods
Overland Park, KS 66210
(913) 339-6757; Fax: (913) 339-6187
DBaker@fpsslaw.com
***Attorneys for Defendant Wilson***

## CERTIFICATE OF SERVICE

    I hereby certify that on April 23, 2025, I electronically filed the foregoing with the Clerk of the Court and caused to be hand-delivered, in open court, a true and accurate copy of the foregoing to Plaintiff Christina Doty.

  /s/ Nichole A. Caldwell
NICHOLE A. CALDWELL